# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2024

Lyle W. Cayce
Clerk

No. 23-20532
Summary Calendar

─────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Manuel Sanchez-Leija,

*Defendant—Appellant*.

─────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-192-1

─────────────

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Juan Manuel Sanchez-Leija contests the within-Guidelines 57-months' sentence imposed following his guilty-plea conviction for illegal reentry by a previously deported alien after an aggravated felony offense, in violation of 8 U.S.C. § 1326(a) (prohibiting reentry), (b)(2) (outlining penalty). In maintaining the district court erred in assessing three criminal-

─────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

history points for his state conviction for failure to register as a sex offender, he asserts his commission of that offense was to avoid detection in the United States and was, therefore, relevant conduct, rather than a separate offense. *See* Guideline § 4A1.2(a)(1) (defining "prior sentence" to include sentences based on "conduct not part of the instant offense") & cmt. n.1 ("Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)."); Guideline § 1B1.3 (outlining "Relevant Conduct"). As a result, he also asserts that, because the failure-to-register offense did not qualify for criminal-history points, the court also erred in enhancing his offense level. *See* Guideline § 2L1.2(b) (outlining enhancements) & cmt. n.3 (outlining appropriate criminal-history points).

Sanchez asserts he preserved these issues for our review. He stated both before and at sentencing, however, that he had no objections to the presentence investigation report. In seeking a leniency in sentencing, he asserted that his criminal-history category was overrepresented because his state offense of failing to register was due in part to his trying to avoid detection for being back in the country illegally. This assertion fell short of raising in district court the Guideline calculation issues that he now raises on appeal, and it did not put the Government or the court on notice of these issues. *See United States v. Rodriguez-Leos*, 953 F.3d 320, 324–25 (5th Cir. 2020) ("The objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." (citation omitted)); *United States v. Hearns*, 845 F.3d 641, 648 (5th Cir. 2017) (outlining adequacy of objection for preservation).

Accordingly, because Sanchez did not raise these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Sanchez must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable

dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

In *United States v. Vargas-Garcia*, our court rejected contentions substantially similar to those advanced by Sanchez. 434 F.3d 345, 349–50 (5th Cir. 2005) ("[T]he concealed and extended nature of this offense cannot shield multiple and severable instances of unlawful conduct from their appropriate consequences at sentencing". (citation omitted)); *see also United States v. Vega-Ruiz*, 775 F. App'x 148, 151–53 (5th Cir. 2019) (rejecting similar contention on plain-error review). He also fails to point to "controlling circuit or Supreme Court precedent [that] has reached the issue in question". *United States v. Scott*, 821 F.3d 562, 570–71 (5th Cir. 2016) (citation omitted). Accordingly, on plain-error review, he fails to show the requisite clear-or-obvious error in the district court's calculation of his Guidelines sentencing range. *See Puckett*, 556 U.S. at 135.

AFFIRMED.